**FILED**
**Sep 07, 2022**
**10:13 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **PATRICK WILLIAMS,** | ) | **Docket No. 2019-05-1202** |
| **Employee,** | ) | **2019-05-1203** |
| **v.** | ) | |
| **YATES SERVICES,** | ) | **State File No. 57462-2019** |
| **Employer,** | ) | **57623-2019** |
| **And** | ) | |
| **TRAVELERS INDEM. CO.,** | ) | **Judge Robert Durham** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

The Court held an expedited hearing on August 31, 2022. Mr. Williams sought benefits for alleged injuries to his shoulders, right elbow, and right knee due to collisions with machinery on March 5 and July 30, 2019. Yates asserted that the Court should deny Mr. Williams's requests since he did not establish causation by showing that his injuries arose primarily out of and in the course and scope of his employment. For the reasons below, the Court holds that Mr. Williams did not establish that he is likely to prove causation at trial and denies his claim for benefits.

### History of Claim[1]

Mr. Williams testified that on March 5, 2019, a piece of machinery called an "assist" struck him in the right elbow, causing pain in his elbow and shoulders. He admitted that the assist did not hit his shoulders or cause him to fall. Although he reported the incident, he did not seek medical treatment or miss any work.

On July 30, 2019, Mr. Williams walked between a tug and a cart attached to it. As he did so, the tug and cart took off, striking Mr. Williams. Mr. Williams asserted right-knee pain as well as aggravated bilateral shoulder pain. Yates provided a panel, and Mr. Williams chose internist Dr. John Byrnes.

---

[1] The parties stipulated to a compensation rate of $386.64. Yates also agreed that Mr. Williams was struck by machinery on March 5 and July 30 but disputed whether those incidents caused Mr. Williams's disability and need for treatment.

Mr. Williams saw Dr. Byrnes on August 2.[2] Dr. Byrnes noted that Mr. Williams had surgery on his right shoulder in 2012. Mr. Williams said that he could not move his shoulders at all without pain; however, Dr. Byrnes observed that Mr. Williams "moved both shoulders well." Mr. Williams also complained of pain and a "chipping" sensation in his right knee. Dr. Byrnes felt he had a cyst but believed his knee was functionally intact. He recommended an orthopedic referral for the cyst and medication for the shoulder pain. He also imposed work restrictions, including a five-pound lifting limit and no work above the shoulder.

On August 13, Yates's adjuster wrote two letters to Dr. Byrnes. In the first letter describing Mr. Williams's March 5 incident, she asked Dr. Byrnes whether "Mr. Williams' diagnosis and the need for treatment arises primarily out of and in the course and scope of employment with the Yates Companies?" Dr. Byrnes circled "No." Dr. Byrnes then cited "R elbow pain?" as Mr. Williams's work-related diagnosis. The adjuster also asked about "conditions that are pre-existing and or not related to the above noted injury." Dr. Byrnes wrote "R extensive rotator cuff surgery."

In the second letter, the adjuster asked the same questions about the right knee. Dr. Byrnes replied that Mr. Williams's diagnosis and need for treatment were not caused by or related to the July 30 incident but were due to a pre-existing cyst.

Based on these letters, Yates denied both claims on August 16. However, Mr. Williams still had significant physical restrictions, and Yates told him he could not return to work with the restrictions. August 16 was the last day Mr. Williams worked at Yates.

On August 20, Mr. Williams went to the emergency room complaining of pain in both shoulders and his right elbow and knee. He said the pain had increased to the point that he had difficulty bathing and dressing. The emergency room note said that Mr. Williams asked for a causation opinion as well as an orthopedic referral.

The emergency room note also said that Mr. Williams exhibited full range of motion in both shoulders and an apparent cyst over the right knee that needed no emergency treatment. The doctor found no signs of an acute rotator cuff tear but felt Mr. Williams may have had rotator cuff tendinopathy. He declined to address causation but did refer Mr. Williams to orthopedist Ian Byram.

Mr. Williams then treated on his own with Dr. Byram, who recorded his findings after reviewing bilateral shoulder MRIs. He recounted Mr. Williams's history of being struck by machinery on March 5 and July 30 and injuring his shoulders, his right elbow, and his right knee. An examination revealed full range of motion in his shoulders with

---

[2] According to Mr. Williams, two Yates employees escorted him to the appointment.

slight loss of strength on the right and positive impingement signs in both.

Dr. Byram reviewed the MRIs and felt that the right-shoulder MRI showed a prior rotator cuff tear but also revealed a probable "high-grade partial-thickness or recurrent tear of the supraspinatus tendon." He believed the left-shoulder MRI showed a "possible very small articular surface partial thickness tear at the supraspinatus attachment." Dr. Byram's diagnosis was a "traumatic incomplete tear of the right rotator cuff" and left-shoulder rotator cuff tendinitis. He recommended surgery for the right rotator cuff and gave a steroid injection for the left shoulder.

On September 21, Dr. Byram completed a form provided by Yates as part of Mr. Williams's application for short-term disability benefits. Dr. Byram listed March 5 as the "date symptoms first appeared." He wrote that he planned to do right-shoulder surgery and that Mr. Williams was restricted from "all functions" until he released him. The form asked whether Mr. Williams's disability was "work related," and Dr. Byram checked "yes."

Dr. Byram also completed a "Request for Information" form on September 24 to assist Mr. Williams in seeking unemployment benefits. On that form, Dr. Byram checked that Mr. Williams was unable to work due to an "illness" caused by his employment.

For its defense, Yates offered affidavits from Dr. Byrnes addressing both claims. For the shoulder claims, Dr. Byrnes said that he reviewed Dr. Byram's records, including the MRI reports. After reviewing the records, he still believed that Mr. Williams's bilateral shoulder pain and need for treatment did not arise primarily out of and in the course and scope of his employment with Yates. He further said that the March 5, 2019 incident did not contribute more than 50% to Mr. Williams's need for treatment on his shoulders.

Dr. Byrnes repeated these opinions for the July 30 incident. He stated that Mr. Williams's right-knee complaints and need for further treatment did not primarily arise out of and in the course and scope of his employment with Yates, and that the incident did not contribute more than 50% to Mr. Williams's need for further treatment for his right knee.

Finally, Mr. Williams testified that he has not had surgery but still requires it for his shoulders and his knee. He is in constant pain and has significant motion limitations. He remained under Dr. Byram's restrictions and thus could not return to work for Yates. Although he is currently running his own business, he believed that he is entitled to temporary partial disability benefits from August 16, 2019, through the present.[3]

## Findings of Fact and Conclusions of Law

To prevail, Mr. Williams must present evidence from which this Court can determine

---

[3] Mr. Williams did not provide any evidence as to his income since leaving Yates.

that he is likely to prove at trial that the temporary disability benefits and additional treatment are for injuries that primarily arose out of and in the course and scope of his employment with Yates. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015); Tenn. Code Ann. § 50-6-102(14) (2019). Given the evidence, the Court holds that Mr. Williams did not meet his burden.

The Court first notes that Mr. Williams's assertions of being struck by machinery on March 5 and July 30 are consistent and undisputed by Yates. The MRI reports show that Mr. Williams suffers from a probable partial tear in his right rotator cuff and perhaps a small tear in the left with substantial tendinosis. He also suffers from a cyst in his right knee. However, Mr. Williams must prove a causal connection between the work incidents and his medical conditions to receive benefits.

To prove a causal connection, Mr. Williams must show to a reasonable degree of medical certainty that the March 5 and July 30 work incidents contributed more than fifty percent in causing his current symptoms, considering all causes. Reasonable degree of medical certainty means "it is more likely than not considering all causes, as opposed to speculation or uncertainty." Tenn. Code Ann. § 50-6-102(14)(C). Given that the standard requires "medical certainty," causation must be shown through expert medical opinion. *Id*.

The only medical opinions offered by Mr. Williams regarding causation are the two forms Dr. Byram completed. On the short-term disability application, Dr. Byram checked a box stating that Mr. Williams's disability was "work-related." On the unemployment benefits form, he checked another box stating that Mr. Williams's "illness" was caused by work.

Yates, on the other hand, offered two affidavits from Dr. Byrnes stating that, after examining Mr. Williams and reviewing all his medical records, his shoulder and knee conditions did not meet the statutory standard for establishing causation.

Thus, the Court must consider the weight to be given to each opinion. When weighing expert opinions, the Court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts." *Bass v. The Home Depot U.S.A, Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9 (May 26, 2017). Mr. Williams correctly points out that Dr. Byrnes is an internist while Dr. Byram is an orthopedist. However, as the authorized treating physician, Dr. Byrnes's causation opinion is presumed correct. Tenn. Code Ann. § 50-6-102(14)(E).

After considering the evidence, the Court holds that the scant opinions from Dr. Byram, made in a non-workers' compensation context, are insufficient to overcome Dr. Byrne's unequivocal opinions that Mr. Williams's injuries were not caused by his work for Yates. Thus, the Court denies Mr. Williams's requests for benefits at this time

4

IT IS, THEREFORE, ORDERED that:

1. Mr. Williams's requests for benefits are denied.

2. The parties shall appear on October 13, 2022, at 10:30 a.m. C.T. for a status conference. The parties must call 615-253-0010 to participate. Failure to attend may result in the resolution of issues without the parties' participation.

**ENTERED September 7, 2022.**

_____
**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:
1. Petitions for Benefit Determination
2. Dispute Certification Notices
3. Requests for Expedited Hearing
4. Order Permitting Withdrawal of counsel
5. Motion for Summary Judgment
6. Order Denying Motion for Summary Judgment
7. June 6, 2022 Order
8. Order Setting Expedited Hearing
9. Yates's Position Statement
10. Mr. Williams's Witness and Exhibit List

Exhibits:
1. Mr. Williams's Rule 72 Declaration
2. First Reports of Injury
3. Choice of Physician Form
4. Application for Short Term Disability Benefits
5. Dr. Byram's Statement for Mr. Williams's Application for Unemployment
6. Notices of Denial
7. Safety Injury Report
8. Dr. Byrnes's Medical Records
9. Dr. Byram's Medical Records
10. Williamson County Medical Center Emergency Room Records
11. Causation opinion letters from Dr. Byrnes
12. Dr. Byrnes's Affidavits

13. Audio recordings (for I.D. purposes only)

**CERTIFICATE OF SERVICE**

I certify that a copy of this order was sent as indicated on September 7, 2022.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Patrick Williams | X | | X | 445 Courtnea Lane Manchester, TN 37355 Patrickwilliams14@gmail.com |
| John Rucker, III | | | X | rrucker@ruckerlaw.com |

_____
**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov

6



<u>Expedited Hearing Order Right to Appeal</u>:

        If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*